E-FILED
Friday, 24 July, 2026 09:54:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MOHAMMED ABUHARBA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1459 |
| | ) | |
| LATOYA HUGHES *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Mohammed Abuharba, an inmate at Lawrence Correctional Center. Plaintiff has also filed Motions for Status (Docs. 6, 7).

I.      **Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff's pleading alleges constitutional violations at Pontiac Correctional Center ("Pontiac") against the following officials: Illinois Department of Corrections Director Latoya Hughes, former Pontiac Warden Mindi Nurse, Counselor Brianne Ryan, Grievance Officer A. Leslie, and Administrative Review Board ("ARB") Chairperson Ryan Kilduff.

On February 16, 2023, Plaintiff was transferred to Pontiac, where he remained in a filthy cell for just over seven and one-half months. Plaintiff describes the conditions he endured, which included an inadequate ventilation system, dust, black specs in the water, a leaky ceiling, and faulty plumbing that caused Plaintiff to come into contact with bodily fluids.

Plaintiff claims that on March 16, 2923, he began the grievance process, which made Defendants Hughes, Kilduff, Leslie, Nurse, and Ryan aware of the offending conditions.

### C. Analysis

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id*. "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and

safety.'" *Id*. at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id*. "[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff does not state a claim against Defendants merely for their participation in the grievance process. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *see also George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation.") (citations omitted).

Furthermore, "[a] § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 Ill. Comp. Stat. 5/13-202); *see also*

*Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (stating that the statute of limitations "is tolled while the prisoner exhausts the administrative grievance process").

On March 6, 2023, Plaintiff submitted grievance 100774 in which Plaintiff raised "water, insects, and rodent" issues while housed in North restrictive housing at Pontiac. (Doc. 1 at 13.) Plaintiff also included the responses he received to grievance 100774 from Defendants Leslie, Nurse, and Ryan. On November 6, 2023, ARB Chairperson Ryan denied grievance 100774, and Defendant Hughes concurred. Plaintiff filed his complaint on November 10, 2025, which is past the two-year statute of limitations. Thus, the claims raised in grievance 100774 are barred by the statute of limitations. *See Vinson v. Vermilion County*, 776 F.3d 924, 929 (7th Cir. 2015) ("In general, a plaintiff may plead herself out of court when she includes in her complaint facts that establish an impenetrable defense to her claims.").

Plaintiff also includes the ARB's response to grievance 100872, dated December 12, 2023, which grieved the "contaminated water and water leaking in upper gallery" at Pontiac. (Doc. 1 at 14.)

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amendment must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims

against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

Additionally, the Court instructs Plaintiff that "a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) ("Permitting a prisoner to sue first and then ask the prison to address issues that are now the subject of pending litigation defeats the purpose of the PLRA's exhaustion requirement."); *see also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). The Court cautions Plaintiff

that if he files an amended pleading, he should ensure he has exhausted his administrative remedies on the alleged claims before filing a lawsuit.

Plaintiff's Motions for Status are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

2) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case.**

ENTERED July 24, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE