E-FILED
Friday, 30 October, 2026 08:58:42 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **MOHAMMED ABUHARBA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-1459** |
| | ) | |
| **LATOYA HUGHES *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is an Amended Complaint (Doc. 13) filed under 42 U.S.C. § 1983 by Plaintiff Mohammed Abuharba, an inmate at Lawrence Correctional Center.

## I. Background

The Court dismissed Plaintiff's initial pleading against Illinois Department of Corrections Director Latoya Hughes, former Pontiac Correctional Center ("Pontiac") Warden Mindi Nurse, Counselor Brianne Ryan, Grievance Officer A. Leslie, and Administrative Review Board ("ARB") Chairperson Ryan Kilduff, noting that Plaintiff does not state a claim against Defendants merely for their participation in the grievance process. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *see also George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling

against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation.") (citations omitted).

## II. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## III. Facts Alleged

Plaintiff's amended pleading realleges his constitutional violations at Pontiac against Hughes, Kilduff, Leslie, Nurse, and Ryan. On February 16, 2023, Plaintiff was transferred to Pontiac, where he remained in a filthy cell for over seven months until his release on October 3, 2023. Plaintiff describes the conditions he endured, which included drinking contaminated water that caused him severe stomach pains. Plaintiff asserts that Defendant Nurse knew of the contamination but failed to provide potable water.

On March 16, 2023, Plaintiff filed a grievance regarding the lack of potable water. On April 6, 2023, Defendant Ryan responded to Plaintiff's grievance, noting that testing

performed by Illinois Prairie Research Institute on February 23, 2023, concluded that the water at Pontiac was potable, with no bacteria detected.

On April 17, 2023, Defendant Leslie recommended Plaintiff's grievance be considered moot, noting Ryan's response and adding that the Chief Stationary Engineer reported that the water at Pontiac was tested on February 15, 2023, with subsequent results showing no lead, copper, bacteria, Legionella, or other contaminants. On April 24, 2023, Defendant Nurse concurred with Leslie's recommendation.

On May 15, 2023, Plaintiff appealed to the ARB. On November 6, 2023, Defendant Kilduff denied Plaintiff's appeal, concluding that Pontiac appropriately addressed Plaintiff's issue. Defendant Hughes later concurred with Kilduff's assessment.

On March 24, 2024, Plaintiff filed a second grievance. Although Plaintiff does not append that grievance or the responses received from Pontiac's counselor, grievance officer, or the Chief Administrative Officer, he does append the ARB's response provided by Defendant Kilduff on December 12, 2023. Kilduff noted that Plaintiff's grievance concerned contaminated water and water leaking from the upper gallery, which Plaintiff states in his amended pleading was being caused by other inmates. Kilduff denied Plaintiff's appeal, concluding that Pontiac appropriately addressed Plaintiff's issue. Defendant Hughes later concurred with Kilduff's assessment.

## IV. Analysis

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*,

914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id*. "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety.'" *Id*. at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id*. "[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

In support of his claim, Plaintiff appends a February 6, 2023, violation notice issued by the Illinois Environmental Protection Agency ("IEPA") addressed to Defendant Nurse, and a March 20, 2023, published article reporting that the IEPA issued a drinking water violation notice to Pontiac. Thus, Plaintiff's pleading is sufficient to state an Eighth Amendment conditions of confinement claim against Nurse. However, Plaintiff does not state a claim against Defendants Hughes, Kilduff, Leslie, and Ryan.

Plaintiff does not state a claim against Defendants merely for their participation in the grievance process. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *see also George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are

responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation.") (citations omitted).

Plaintiff claims the ARB received his March 24, 2023, grievance appeal on June 6, 2023, but did not respond until December 12, 2023. However, the Illinois Administrative Code permits the Defendant Hughes to "make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances. *See* 20 Ill. Admin. Code § 504.850, promulgated in 41 Ill. Reg. 3908-14 (Mar. 31, 2017), effective April 1, 2017. However, even if the ARB response was tardy, this does not state a claim for relief. "[T]he failure to follow a state's inmate grievance procedures is not a federal due-process violation." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

**IT IS THEREFORE ORDERED:**

1) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment Conditions of Confinement claim against Defendant Nurse in her individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Court directs the Clerk of the Court ("Clerk") to dismiss Latoya Hughes, Ryan Kilduff, A. Leslie, and Brianne Ryan as parties.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait**

**until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

5) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

7) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

8) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

9) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

10) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED October 30, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE